†Connor v. City of Cincinnati.

1. Assessments Against Abutting Property.

    The question of whether abutting property will be benefited by a sewer, will not affect the right of a city to enforce an assessment.

2. Limited by Statute.

    Section 2271, Rev. Stat., which limits the assessment for any improvement to twenty-five per cent. of the value of the lot after the improvement is made, applies to sewer assessments.

Smith, J.

    The plaintiff brings this action to enjoin so much of the assessment made by the city for a sewer on certain lots owned by her, situate on Martin street, as exceeds twenty-five per cent. of the value of such lots after the improvement was completed. It is conceded that the plaintiff is the owner of thirteen lots fronting on Martin street, on which the sewer was located, each lot having a frontage of twenty-five feet on such street, and that the value of each of said lots does not exceed $1 per front foot, and that the assessment made thereon by the city was $2 per front foot. At the trial of the case the counsel for the plaintiff claimed that the sewer was of no benefit whatever to any of said lots, and that the assessment was a virtual confiscation of plaintiff's land, and that the whole assessment should be enjoined.

    The first question for consideration is, whether the limitation of section 2271, that in cities of the first grade of the first class, "the tax or assessment especially levied or assessed upon any lot or land *for any improvement* shall not, except as provided in section 2272, exceed twenty-four per centum of the value of such lot or land after the improvement is made, and the cost exceeding that per centum shall be paid out of its general revenue," applies to sewer assessments. We see no reason why this ought not to be the case. There is no good ground why it should be allowed to exceed twenty-five per cent. of the value of the property after the improvement is made in the one case and not in the other. Nor do we think that the statute requires us to hold that the provisions of section 2271, do not apply to the assessment for the construction of sewers. In the Revised Statutes as they now stand, Title XII., is that which governs and relates to municipal corporations—chapter 4 of that title is that which provides as to "assessments," and of further provisions as to making improvements by municipal corporations, and under subdivisions of said chapter, are provisions as as to assessments in general—damages —sidewalks and water courses and sewers and assessments therefor. In this first subdivision under the head of "Assessments in general," occur sections 2270 and 2271, the first of which limits the amount of the assessment, for any improvement to twenty-five per cent of the value of the property as assessed for taxation in municipal corporations other than those provided for in section 2271, and said section 2271, as before stated, limits the assessment for any improvement (except in the cases herein excepted, which do not apply to this case) to twenty-five per cent of the value of the lot or land assessed, after the improvement is made, and sec-

†Affirmed by the Supreme Court; opinion 55 O. S., 82.

tion 2237 provides that the proceedings, with respect to the improvements, "shall be strictly construed in favor of the owner of the property assessed or injured as to limitations on assessment of private property and compensation for damages sustained," in other respects they are to be liberally construed. And as these are general rules established by the statute itself, and in the discharge of the duty expressly imposed upon the general assembly by section 6 of article 13 of the constitution, to restrict the power of municipal corporations as to taxation and assessment, so as to prevent the abuse of such power, it should be held that this limitation does apply, as the statute says it shall, to *any* improvement, unless by other clear provisions it is declared that it shall not apply to a certain kind of improvements.

The provisions as to sewers and assessments therefor are contained in subdivision V of this same chapter, commencing with section 2366, and it points out the proceedings to be had under it. Section 2379 provides for the assessment of the cost of the construction of main sewers upon the abutting property, by the feet front, or according to the valuation of the same on the tax list, or according to benefits, as the council may determine; and in other following sections there are limitations on the power—for instance, that lots or lands already provided with or do not need local drainage; and in section 2384, that in no case shall the property be assessed more than $2 per foot front on the property assessed, and this whether it is assessed by the foot front, or according to its valuation on the tax list, or in proportion to benefits. There is no statement anywhere in the statute that the rule that the assessment made shall not exceed twenty-five per centum of the value of the property as improved does not apply to cases of this kind, and we are of the opinion that the limitation in this respect, as well as the other specific limitations pointed out in the statute, applies to assessments for sewers.

This being so, the assessment in this case must be reduced to twenty-five cents per foot front on plaintiff's lots. When this is done the plaintiff must be content. She cannot further reduce it by showing or attempting to show that in reality the sewer is of no benefit to the lots in question. In contemplation of law it is of benefit to the property. Absolute justice cannot be done in such cases by any system of assessment, and there are necessarily great inequality on the assessments made for almost any improvement, and we understand it to be held by the supreme court in 10 O. S., 160, that the fact that the lots are not benefited does not render the assessment invalid.

The argument that in this case the assessment amounts to the confiscation of the property is not tenable, now that the assessment is reduced to twenty-five per cent of the value of the property, which the law has adjudged to be the amount for which abutting property may be assessed for public improvements of this kind.

*Marsh & Ritchie*, for the Appellant.

Corporation Counsel, *contra*.